UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>      Plaintiff,<br><br>vs.<br><br>DR. CHEN, *ET AL*,<br><br>      Defendants. | Case No. 1:12-cv-01221-RRB<br><br>**DISMISSAL ORDER** |

Clarence Leon Dews, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983.[1] Dews is currently incarcerated at the Kern Valley State Prison. In this action Dews, a totally disabled person, has sued prison officials in their official and representative capacities and two California municipalities for deliberate indifference to serious medical needs in violation of the Eighth Amendment.[2]

---

[1] Although this action was ostensibly brought by eight named plaintiffs, it is proceeding solely with Dews as the plaintiff.

[2] In addition to Dr. Chen, Dews has named as Defendants: Martin D. Biter, Warden, Kern Valley State Prison; Counselor Garza, CCI.; City of Delano; and Kern County.

DISMISSAL ORDER
*Dews v. Chen*, 1:12-cv-01221-RRB – 1

**I.   SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[4] Likewise, a prisoner must exhaust all administrative remedies as may be available,[5] irrespective of whether those administrative remedies provide for monetary relief.[6]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must

---

[3]   28 U.S.C. § 1915A(a).

[4]   28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); see *Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[5]   42 U.S.C. § 1997e(a); see *Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) (holding that "proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules).

[6]   See *Booth v. Churner*, 532 U.S. 731, 734 (2001).

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[9]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[10] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

---

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[9] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[10] *Iqbal*, 556 U.S. at 678-69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

between possibility and plausibility of entitlement to relief.'"[11] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[12] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

## II.  GRAVAMEN OF COMPLAINT

In a somewhat disjointed, rambling Complaint, Dews raises several complaints: (1) on one occasion he was denied a shower as required under the Americans with Disabilities Act ("ADA"); (2) he is being denied appropriate medication, i.e., morphine, for his pain; (3) inability to see medical staff on a timely basis; (4) lack of mental health care;  and (5) verbal abusive treatment by Dr. Chen.

Dews requests that: (1) he be provided immediate medical treatment; (2) Dr. Chen be dismissed; (3) a transfer to Atascadero State Hospital for treatment; (4) $5,000.00 in actual damages; and (5) $50,000.00 in punitive damages.

---

[11]   *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[12]   *Id.*

[13]   *Id.* (quoting *Twombly*, 550 U.S. at 555).

**III. OTHER ACTIONS PENDING**

Dews has three other actions under 42 U.S.C. § 1983 pending in this Court: *Dews v. Kern Radiology Medical Group, Inc.*, 1:12-cv-00242-AWI-MJS (*Dews I"*); *Dews v. County of Kern*, 1:12-cv-00245-AWI-MJS ("*Dews II*"); and *Dews v. State Water System*, 1:12-cv-01398-RRB ("*Dews III*").[14]

In *Dews I*, Dews has sued various officials of the North Kern County Prison for denial of necessary medical treatment for a torn rotator cuff. That action was dismissed during screening with leave to amend; however, in lieu of filing an amended complaint Dews has appealed from the dismissal.

In *Dews II*, Dews has sued various officials of the Wasco State Prison for use of excessive force and denial of necessary medical treatment. That action has not yet been screened.

In *Dews III*, Dews has sued various prison sued various California state entities and officials in their individual capacities for injunctive relief and damages caused by his

---

[14] This Court takes judicial notice of these actions. Fed. R. Evid. 201.

consumption of the contaminated water over a period of several years. That action has also not yet been screened.

**IV. DISCUSSION**

Attached to Dew's Complaint is a copy of a CDCR 602 Inmate/Parolee Appeal Form dated July 20, 2012, a month prior to the time this action was filed. Dews has failed to attach any documentation evidencing the processing of this appeal through the three levels of appeal provided under California law.[15] As noted above, a prerequisite to bringing an action under § 1983 is that the prisoner must have exhausted his administrative remedies.[16] It is plainly evident that, at the time Dews initiated this action, he not only had not exhausted his available administrative remedies, but could not have

---

[15] Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted. All lower level reviews are subject to modification at the third level of review."). Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative.

[16] 42 U.S.C. § 1997e(a); see *Ngo*, 548 U.S. at 93–95 (holding that "proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules).

exhausted them. Accordingly, this Court must dismiss this action.

**V.   ORDER**

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1.   The Complaint on file herein is **DISMISSED** without prejudice;

2.   On or before **June 10, 2013**, Plaintiff may file an Amended Complaint; *provided however*, that Plaintiff must affirmatively plead that either (1) he has exhausted his administrative remedies or (2) he is excused from such exhaustion under applicable California law; and

3.   If Plaintiff has not filed an Amended Complaint by **June 10, 2013,** or such further time as the Court may grant, the Clerk of the Court is directed to enter a judgment of dismissal without further order of the Court.

**IT IS SO ORDERED** this 7th day of May, 2013.

                    S/RALPH R. BEISTLINE
                    UNITED STATES DISTRICT JUDGE